```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

GREGORY C. MILTON                )
          Petitioner,            )
                                 )   Civil Action No.
     v.                          )
                                 )
METRO BOSTON INPATIENT UNIT OF   )
THE LEMUEL SHATTUCK HOSPITAL,    )
          Respondent.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court (1) grants petitioner's Application to Proceed Without Prepayment of Fees; and (2) dismisses petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

DISCUSSION

On March 9, 2004, Mr. Gregory C. Milton, a patient at the Lemuel Shattuck Hospital Metro-Boston Inpatient Services Unit, filed (1) an Application to Proceed Without Prepayment of Fees; (2) a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus; and (3) a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1988.  Because the Clerk inadvertently filed the habeas petition in Milton v. Jonsiey, et al., C.A. No. 04-10482-MEL (§ 1983 action), the Clerk was directed to assign a new civil action to the instant habeas action.

   I.   Filing Fee

   A party filing a civil action in this Court must either (1) pay the applicable filing fee or (2) file an Application

to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application").  <u>See</u> 28 U.S.C. 1914(a) ("filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5."); 28 U.S.C. 1915 (proceedings <u>in forma pauperis</u>).

    Mr. Milton's Application indicates that he is not incarcerated and was last employed at Suffolk Downs Race Track in 2002.  During the past twelve months, Mr. Milton received $240 from Bay Cove Human Resources and he expects to receive $35 per month.  Mr. Milton does not have any cash or property.  Based upon this record, the Court finds that Mr. Milton is unable to pay the filing fee for the civil rights complaint and habeas petition and will allow his Application.

    II.  <u>Habeas Petition</u>

    A.  <u>The Court May Screen the Habeas Petition</u>

    Under Rule 4(b) of the Rules Governing Section 2254 Proceedings (which also apply to Section 2241 petitions)[1], the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994)

---

[1]<u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases; <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

(habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).

 B. <u>The Habeas Petition is Subject to Dismissal</u>

 Mr. Milton was convicted in Roxbury District Court on May 15, 1988. <u>See</u> Petition, ¶¶ 1-2. He was fined $75 for "drinking in public" and was not sentenced. <u>Id.</u> at ¶¶ 3-4. Mr. Milton did not file an appeal, <u>id.</u> at ¶ 8, and references a previously filed habeas action. <u>Id.</u> at ¶ 11; <u>Milton v. Suffolk County House of Correction</u>, C.A. No. 97-11767-WGY (D. Mass. Aug. 25, 1997) (§ 2254 petition dismissed <u>sua sponte</u> on the grounds that the petition is untimely and petitioner failed to exhaust his state remedies).

 The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. <u>See</u> 28 U.S.C. § 2241(c). For a federal court to have jurisdiction to grant a petition for writ of habeas corpus under Section 2254, the petitioner must be "in custody" under the conviction or sentence under attack at time his petition is filed. <u>Omosefunmi v. Attorney General of the Commonwealth of Massachusetts</u>, 152 F. Supp. 2d 42, 52-53 (D. Mass. 2001)

(citations omitted).

Here, Mr. Milton is not in custody under 1988 conviction he seeks to attack and the habeas petition is subject to dismissal.

ORDER

Based upon the foregoing, it is hereby

ORDERED, petitioner's Application to Proceed Without Prepayment of Fees is granted, and it is further

ORDERED, the petition for a writ of habeas corpus under Section 2254 is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 17th day of March, 2004

                             /s/ Morris E. Lasker

                            MORRIS E. LASKER
                            UNITED STATES SENIOR DISTRICT JUDGE